**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**FILED**
**U.S. District Court**
**District of Kansas**
06/05/2026
**Clerk, U.S. District Court**
**By:__JAL__Deputy Clerk**

**CHAUNCEY BROWNFIELD,**

    **Plaintiff,**

    v.                      **CASE NO.  26-3112-JWL**

**JEFF ZMUDA, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Chauncey Brownfield is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

On April 30, 2026, Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983.  He is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court issued a notice of deficiency ("NOD") directing Plaintiff to provide the financial information required to support his motion for leave to proceed in forma pauperis.  The deadline to respond to the NOD was June 1, 2026.  Given the current delays prisoners are experiencing in obtaining account statements, the Court grants Plaintiff provisional leave to proceed in forma pauperis.  Plaintiff must, however, continue his attempts to obtain an account statement for the appropriate six-month period, and he must submit the proper account statement as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

1

Plaintiff alleges in the Complaint that his projected release date has been miscalculated because he has not received all of the jail credit he should under K.S.A. 21-6615.  He asserts that he has overserved his sentence in Case No.15-CR-484, a criminal case brought in the District Court of Saline County, Kansas.  Plaintiff alleges that the state district court judge entered an amended journal entry to reflect the number of days of jail credit to which he was entitled, but Michelle Sullivan, Sentence Computation Administrator for the KDOC, refuses to acknowledge the court's amended entry.  (Doc. 1, at 2.)

Plaintiff names as defendants:   Jeff Zmuda, Secretary of the Kansas Department of Corrections ("KDOC"); Michelle Sullivan, KDOC Sentence Computation Administrator; Laura Kelly, Governor of the State of Kansas; Daniel Schnurr, Warden of the Hutchinson Correctional Facility; and John and Jane Does employed by the KDOC as classification personnel; IPO Release Planning Coordinator; Unit Counselors; Unit Team Supervisors; Majors; Captains; Lieutenants; Staff Sergeants; Sergeants; and Corporals.  For relief, Plaintiff seeks compensatory damages of $20 million and punitive damages of $40 million. *Id*. at 6.

A review of the online court records for Case No. 15-CR-484 in the District Court of Saline County, Kansas, shows that Plaintiff was sentenced on June 22, 2016, to 130 months imprisonment and 24 months post-release supervision. *State v. Brownfield*, Case No. 15-CR-484, Saline County, Kansas.  This sentence was to run consecutive to a 29-month sentence Plaintiff received in Case No. 15-CR-192 in Reno County, Kansas.  (Doc. 1-2, at 4.)  The Saline County court calculated that he should receive 174 days jail credit. *Id*.  Originally, the court found that the entire 174 days should go toward the Reno County case, but the court amended its order on April 14, 2026, to provide that Plaintiff should receive 174 days credit on both cases. *Id*. at 5.

This ruling was made based on a motion filed by Plaintiff pursuant to *State v. Ervin*, 566

P.3d 481 (Kan. 2025).  In *Ervin*, the Kansas Supreme Court found that K.S.A. 21-6615 provided that jail credit should be applied to all pending cases.  *Id*. at 499.  Subsequently, the Kansas Legislature passed House Bill No. 2444, which amends K.S.A. 21-6615 to remove duplicate jail credit.  H.B. No. 2444 was signed into law on April 6, 2026, and takes effect on July 1, 2026, but it also states that its provisions apply to "[a]ll sentences, whether pronounced before, on or after July 1, 2026, and to all computations of jail credit by the department of corrections and the courts."

After the Saline County court entered the revised sentence on April 14, 2026, Plaintiff filed a "motion for nunc pro tunc order," a "motion to reconsider to correct illegal sentence," and a motion for default judgment.  In these motions, Plaintiff seeks to have KDOC revise his projected release date.  All of these motions appear to remain pending in the Saline County District Court, with Plaintiff most recently filing a supplemental brief in support of his motion to reconsider on June 1, 2026, and the Court ordering on June 3, 2026, a hearing on Plaintiff's motions to take place on June 22, 2026.  In addition, it appears Plaintiff filed a notice of appeal on November 17, 2025, as to a previous motion to correct an illegal sentence based on different grounds, and that appeal remains pending, with the district court judge appointing appellate counsel on February 20, 2026.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### A.  Habeas Nature of Claim

When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.") (citation omitted)).  A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence.  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life,

*but not to the fact or length of his custody."* *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).

Plaintiff appears to be seeking immediate release from prison, meaning he must proceed through a habeas corpus proceeding to obtain that relief, after exhausting his state court remedies. Plaintiff should show good cause why his claims should not be dismissed as not properly brought in a § 1983 action.

### B. *Younger* Abstention

To the extent Plaintiff's claims relate to his state court proceedings in Saline County, Kansas, the Court would be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

As discussed above, online records show that proceedings in 2015-CR-484 are ongoing and that Plaintiff has raised the same claims there. *See State v. Brownfield*, Case No. 2015-CR-484 (District Court of Saline County, Kansas). Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through proceedings in the state's courts. *In re Troff*, 488

F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). A claim for monetary relief may be stayed pending the resolution of the pending criminal proceedings. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiff should show good cause why the Court should not abstain from hearing any claims that relate to pending state court proceedings in the District Court of Saline County, Kansas. Plaintiff should also indicate if he is seeking a stay of this case.

### C. Money Damages

Plaintiff's request for money damages also fails because failure to allege a physical injury prohibits compensatory damages under 42 U.S.C. § 1997e(e).  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).  "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).  *See Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 4560901, at *6 (D. Kan. July 17, 2023) ("The mere fact of detention is not a physical injury.").

This Court has cited *Turner v. Schultz*, where the court concluded that § 1997e(e) applied to the plaintiff's malicious prosecution claims in spite of the fact that he did not challenge prison conditions. *Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 567201, at *3 (D. Kan. Sept. 1, 2023) (citing *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222–23 (D. Colo. 2001)).  In *Turner*, where the plaintiff argued that the prosecution caused him "severe emotional stress and loss of enjoyment of life," the court held that:

> Mr. Turner first responds that the PLRA does not apply because his case is not based on prison conditions. I disagree. Two subsections of the statute refer specifically to suits "with respect to prison conditions." *See* 42 U.S.C. § 1997e(a) ("No action shall be brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") (emphasis added); 42 U.S.C. §

1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.") (emphasis added). However, the statute's provisions act independently. Although Congress restricted some clauses to prison condition suits, that provision does not apply in Mr. Turner's case. *See generally Archuleta v. Marshall,* No. 00–2033, 2000 WL 1005245 (10th Cir. July 20, 2000) (§ 1997e(e) applied to claim for use of excessive force although suit did not challenge prison conditions); *Hailey v. Kaiser,* No. 99–7046, 1999 WL 1009614 (10th Cir. Nov. 8, 1999) (§ 1997e(e) applied to claim for deliberate indifference to safety or security although suit did not challenge prison conditions); *Flanery v. Wagner,* No. 98–3235, 1999 WL 314615 (10th Cir. May 19, 1999) (§ 1997e(e) applied to alleged Fourth Amendment violation not involving prison conditions); *Craig v. Eberly,* 164 F.3d 490 (10th Cir.1998) (construing § 1997e(e) in accordance with the plain meaning of the section). I conclude that § 1997e(e) applies to Mr. Turner's malicious prosecution claims, although he does not challenge prison conditions.

\* \* \* \*

Because Mr. Turner has failed to show a physical injury in connection with his malicious prosecution claims, I dismiss those claims against Defendants Scott, King, Mooneyham, and Greco.

*Turner*, 130 F. Supp. 2d at 1223–24.

Plaintiff's request for monetary compensation is therefore subject to dismissal.

## D. Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Robertson v. Las Animas County Sheriff's Dept.,* 500 F.3d 1185, 1193 (10th Cir.2007); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not

9

sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "To establish a violation of § 1983 ... the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights." *Porro v. Barnes,* 624 F.3d 1322, 1327–28 (10th Cir.2010).

The Complaint fails to allege any facts showing that any defendant other than Michelle Sullivan personally participated in the claimed violation of Plaintiff's constitutional rights. It is not enough for Plaintiff to allege that the defendants had general oversight of the computation of prisoner release dates. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (finding that to be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation). Plaintiff makes no allegation that Defendant Zmuda, Kelly, Schnurr, or John/Jane Doe participated in the computation of Plaintiff's sentence, the determination of his release date, or any decision resulting in his alleged over-detention. As a result, Defendants Zmuda, Kelly, Schnurr, and John/Jane Doe are subject to dismissal from this lawsuit.

## IV. Response Required

Plaintiff must show good cause why his claims should not be dismissed without prejudice for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis. Plaintiff must continue his efforts to obtain the appropriate account statement and submit it to the Court for filing in this case as soon as he is able to do so, at which time an initial partial filing fee may be calculated and assessed.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 6, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated June 5, 2026, in Kansas City, Kansas.

S/  John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE