**FILED**
**U.S. District Court**
**District of Kansas**
07/22/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHAUNCEY BROWNFIELD,

      **Plaintiff,**

      v.                              **CASE NO.  26-3112-JWL**

JEFF ZMUDA, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court provisionally granted Plaintiff leave to proceed in forma pauperis.  On June 5, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why this matter should not be dismissed.  This matter is before the Court on Plaintiff's response to the MOSC.  (Doc. 5.)

Plaintiff alleges that his projected release date has been miscalculated because he has not received all of the jail credit he should under K.S.A. 21-6615.  He asserts that he has overserved his sentence in Case No.15-CR-484, a criminal case brought in the District Court of Saline County, Kansas.  Plaintiff alleges that the state district court judge entered an amended journal entry to reflect the number of days of jail credit to which he was entitled, but Michelle Sullivan, Sentence Computation Administrator for the KDOC, refuses to acknowledge the court's amended entry. (Doc. 1, at 2.)

The Court found in the MOSC that the Complaint is subject to dismissal for a number of

1

reasons.  First, Plaintiff's claim is habeas in nature.  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994).

In response to the MOSC, Plaintiff argues that he is not seeking release because "lower courts already told them to give me (398 [days]) which would give me release."  (Doc. 5, at 4.) However, Plaintiff has not in fact been released, nor has KDOC's calculation of his sentence been overturned.   Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid or miscalculated sentence, he must show that his sentence has been overturned, reversed, or otherwise called into question, *Heck*, 512 U.S. at 487, and Plaintiff's request for release from KDOC custody must proceed in habeas corpus.  *See Frey v. Adams Cnty. Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008) (unpublished) ("To the extent that [plaintiff] seeks injunctive relief, success on this claim would result in a speedier release from custody, so the claim cannot be pursued under § 1983 but must be pursued as a habeas claim under § 2241 . . . And insofar as [plaintiff] seeks damages, he has no cause of action until he obtains relief from the sentence.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) and *Heck*, 512 U.S. 477); *see also United States v. Morgan*, Case No. 08-20135-01-JWL, 2019 WL 2208155, at *1 (D. Kan. May 22, 2019) ("Because Mr. Morgan is challenging the BOP's computation of his good-time credit, his motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 . . .") (citations omitted).

The facts of Plaintiff's situation are similar to those in *Talkington v. Schnurr,* 584 P.3d 708 (Kan. App. 2026).  In *Talkington*, the petitioner alleged that the KDOC "has ignored the order from district court awarding him jail credit against his sentence and as a result has incorrectly

calculated his release date." *Id.* at 709. He filed an inmate request form challenging the computation, and KDOC responded that the issue was not grievable. *Id.* Talkington then filed a state habeas petition under K.S.A. 60-1501. The district court dismissed the petition, finding the petitioner did not exhaust his administrative remedies. *Id.* The Kansas Court of Appeals reversed and remanded for further proceedings, finding that further exhaustion was not required. In the opinion, the court mentioned that K.S.A. 60-1501 provides the proper mechanism for challenging KDOC's application of court-ordered jail credit in the calculation of an inmate's release date. *Id.* at 714-15 (citing *State v. Chambers*, 2009 WL 2436683 (Kan. App. 2009)).

Plaintiff has failed to show good cause why his claims should not be dismissed as not properly brought in a § 1983 action and as barred by *Heck*.

The MOSC also found that the Court is required to abstain from hearing Plaintiff's case because state court proceedings are ongoing. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff does not dispute that he is pursuing relief through motions pending in state court, that an important state interest is implicated, or that the state proceedings provide an adequate

opportunity to litigate constitutional issues.  While Plaintiff is seeking monetary relief, "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

Furthermore, even if Plaintiff's claim for money damages were not barred by *Heck*, it would be subject to dismissal pursuant to 42 U.S.C. § 1997e(e).  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).

In his response, Plaintiff mentions physical injuries he suffered while incarcerated. However, he makes no effort to connect the injuries to the alleged extra time he has served as a result of KDOC's refusal to accept the court's assignment of jail credit.  *See Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 567201, at \*3 (D. Kan. Sept. 1, 2023) (citing *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222–23 (D. Colo. 2001)).

For the reasons explained above and in the MOSC, the Court finds that the Complaint should be dismissed as premature under *Heck*.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated July 22, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

4